IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 19-59680-pmb |
| JAY2, INC., | ) | |
| | ) | Chapter 7 |
| Debtor | ) | |
| _____ | | |
| RENASANT BANK, | ) | |
| | ) | |
| Movant | ) | CONTESTED MATTER |
| | ) | |
| vs. | ) | |
| | ) | |
| JAY2, INC. and S. GREGORY HAYS, | ) | |
| Chapter 7 Trustee, | ) | |
| | ) | |
| Respondents | ) | |

**NOTICE OF ASSIGNMENT OF HEARING**

PLEASE TAKE NOTICE that Movant has filed its Motion for Relief from Stay and related papers with the Court (the "Motion").

PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on the Motion at **1:30 p.m.** on the **12th day of August, 2019**, U.S. Bankruptcy Court, Northern District of Georgia, Atlanta Division, Courtroom 1202, US Courthouse, 75 Ted Turner Drive, Atlanta, Georgia 30303.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing.

You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, US Bankruptcy Court, 75 Ted Turner Drive, Atlanta, Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

This 17th day of July, 2019.

    ___/s/_____
    Lynn L. Carroll
    Georgia Bar No. 460365
    Golder Law, LLC
    101 Village Parkway
    Building 1, Suite 400
    Marietta, Georgia 30067
    (404) 252-3000
    lcarroll@golderlawfirm.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 19-59680-pmb |
| JAY2, INC., | ) | |
| | ) | Chapter 7 |
| Debtor | ) | |

| | | |
|---|---|---|
| RENASANT BANK, | ) | |
| | ) | |
| Movant | ) | CONTESTED MATTER |
| | ) | |
| vs. | ) | |
| | ) | |
| JAY2, INC. and S. GREGORY HAYS, | ) | |
| Chapter 7 Trustee, | ) | |
| | ) | |
| Respondents | ) | |

**MOTION FOR RELIEF FROM STAY**

Pursuant to 11 U.S.C. § 362(d) and Bankruptcy Rule 4001(a), Renasant Bank ("Movant") requests relief from the automatic stay to allow it to proceed with foreclosure of its lien and security interest in certain personal property owned by Debtor. In support of this Motion, Movant respectfully shows this Court as follows:

1.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a). This is a core proceeding under 28 U.S.C. § 157(b)(2).

2.

Debtor filed a Chapter 7 bankruptcy case on June 21, 2019 (the "Petition Date").

3.

Movant holds, among other documents related to a loan, the following loan documents executed by Debtor:

(i)     a Promissory Note dated June 21, 2012 in the original principal amount of $510,000.00 between Debtor and Movant, and all modifications thereto ("Note 1"), a copy of which is attached hereto as Exhibit A.

(ii)     a Security Agreement dated June 21, 2012 ("Security Agreement 1"), and recorded UCC Financing Statements (the "Note 1 Financing Statements"), copies of which are attached collectively hereto as Exhibit B.

4.

Security Agreement 1 grants Movant a first-in-priority security interest in all business assets of the Debtor, including, but not limited to, all equipment, fixtures, inventory, accounts, instruments, chattel paper, general intangibles, documents, deposit accounts, furniture and personalty now or hereafter acquired (the "Business Collateral").

5.

The outstanding balance owed pursuant to Note 1 as of the Petition Date is in the minimum amount of $210,377.12, which includes principal in the amount of $207,995.37, interest in the amount of $1,776.63, and late charges in the amount of $605.12. The amount does not include any fees and expenses to which Movant is entitled pursuant to the terms of the loan documents.

6.

Movant also holds, among other documents related to a loan, the following loan documents executed by Debtor:

(i)      a Promissory Note dated December 6, 2012 in the original principal amount of $192,000.00 ("Note 2"), a copy of which is attached hereto as Exhibit C.

(ii)      a Security Agreement dated December 6, 2012 ("Security Agreement 2"), and recorded UCC Financing Statements (the "Note 2 Financing Statements"), copies of which are collectively attached hereto as Exhibit D.

7.

Movant holds a valid, fully perfected second priority security interest in those business assets of the Debtor more fully listed in Security Agreement 2 and the Note 2 Financing Statements (also included as "Business Collateral").

8.

The outstanding balance owed pursuant to Note 2 as of the Petition Date is a minimum of $86,509.22, which includes a principal amount of $86,255.03, accrued interest in the amount of $143.76, and late fees of $110.43. The amount does not include any fees and expenses to which Movant is entitled pursuant to the terms of the loan documents.

9.

The Debtor has defaulted on the payments which are due to Movant pursuant to the terms of Notes 1 and 2. Good cause, including, but not limited to, a lack of adequate protection, exists for granting the relief requested.

10.

After accounting for the estimated costs of sale, any other liens against the Business Collateral, and any costs and fees to which Movant is entitled, there appears to be no equity in the Business Collateral for the benefit of the bankruptcy estate.

11.

Because the Debtor has demonstrated a continuing default and a clear inability to make payments required by Notes 1 and 2 and the provisions of the Bankruptcy Code, Movant is not adequately protected and should be permitted to proceed with foreclosure and collection of the Business Collateral.

WHEREFORE, the Movant prays (1) for an Order relieving it from the provisions of the bankruptcy stay and authorizing it to proceed with the exercise of its foreclosure and collection of the Business Collateral described in the Security Agreements should it so choose, all in accordance with and pursuant to appropriate state statutes; (2) that the Debtor be ordered to surrender immediate possession of the Business Collateral pledged by the Security Agreements to Movant; (3) for waiver of the requirements of FRBP 4001(a)(3) to allow Movant to execute the order granting relief instanter; and (4) for such other relief as the Court deems appropriate.

/s/_____
Lynn L. Carroll
Georgia Bar No. 460365

**GOLDER LAW, LLC**
101 Village Parkway
Building 1, Suite 400
Marietta, Georgi a30067
(404) 252-3000
lcarroll@golderlawfirm.com

U.S. Small Business Administration

# U.S. Small Business Administration

## NOTE



| SBA Loan # | ⌐ ⌐ ⌐ 3-5002 |
|---|---|
| SBA Loan Name | Jay 2, Inc. |
| Date | June 21, 2012 |
| Loan Amount | $510,000.00 |
| Interest Rate | Variable |
| Borrower | Jay2, Inc. |
| Operating Company | N/A |
| Lender | Renasant Bank |

1. PROMISE TO PAY:

   In return for the Loan, Borrower promises to pay to the order of Lender the amount of **Five Hundred Ten Thousand and 00/100 Dollars**, interest on the unpaid principal balance, and all other amounts required by this Note.

2. DEFINITIONS:

   "Collateral" means any property taken as security for payment of this Note or any guarantee of this Note.

   "Guarantor" means each person or entity that signs a guarantee of payment of this Note.

   "Loan" means the loan evidenced by this Note.

   "Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

   "SBA" means the Small Business Administration, an Agency of the United States of America.

1

EXHIBIT _A_



3.  PAYMENT TERMS:

Borrower must make all payments at the place Lender designates.  The payment terms for this Note are:

> **Maturity:**  This Note will mature in 10 years from date of Note.
>
> **Repayment Terms:**  The interest rate on this Note will fluctuate.  The initial interest rate is 5.25% per year.  This initial rate is the prime rate in effect on the first business day of the month in which SBA received the loan application, plus 2.00%.  The initial interest rate must remain in effect until the first change period begins unless reduced in accordance with SOP 50 10.
>
> Borrower must pay a total of 9 payments of interest only on the disbursed principal balance beginning one month from the month this Note is dated and every month thereafter; payments must be made on the first calendar day in the months they are due.
>
> Borrower must pay principal and interest payments of $5,810.01 every month, beginning ten months from the month this Note is dated; payments must be made on the first calendar day in the months they are due.
>
> Lender will apply each installment payment first to pay interest accrued to the day Lender receives the payment, then to bring principal current, then to pay any late fees, and will apply any remaining balance to reduce principal.
>
> The interest rate will be adjusted monthly (the "change period").
>
> The "Prime Rate" is the prime rate in effect on the first business day of the month (as published in the Wall Street Journal newspaper) in which SBA received the application, or any interest rate change occurs.  Base Rates will be rounded to two decimal places with .004 being rounded down and .005 being rounded up.
>
> The adjusted interest rate will be 2.00% above the Prime Rate.  Lender will adjust the interest rate on the first calendar day of each change period.  The change in interest rate is effective on that day whether or not Lender gives Borrower notice of the change.
>
> The spread as identified in the Note may not be changed during the life of the Loan without the written agreement of the Borrower.
>
> For variable rate loans, the interest rate adjustment period may not be changed without the written consent of the Borrower.
>
> Lender must adjust the payment amount at least annually as needed to amortize principal over the remaining term of the note.
>
> If SBA purchases the guaranteed portion of the unpaid principal balance, the interest rate becomes fixed at the rate in effect at the time of the earliest uncured payment default.  If there is no uncured payment default, the rate becomes fixed at the rate in effect at the time of purchase.
> **Loan Prepayment:**
>
> Notwithstanding any provision in this Note to the contrary:
>
> **Borrower may prepay this Note.**  Borrower may prepay 20% or less of the unpaid principal balance at any time without notice.  If Borrower prepays more than 20% and the Loan has been sold on the secondary market, Borrower must:
>
> > a.  Give Lender written notice;
> >
> > b.  Pay all accrued interest; and
> >
> > c.  If the prepayment is received less than 21 days from the date Lender receives the notice, pay an amount equal to 21 days' interest from the date Lender receives the notice, less any interest accrued during the 21 days and paid under subparagraph b., above.
>
> If Borrower does not prepay within 30 days from the date Lender receives the notice, Borrower must give Lender a new notice.
>
> All remaining principal and accrued interest is due and payable 10 years from date of Note.
>
> **Late Charge:**  If a payment on this Note is more than 10 days late, Lender may charge Borrower a late fee of up to 5.00% of the unpaid portion of the regularly scheduled payment.

4.  DEFAULT:

Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower or Operating Company:

A.  Fails to do anything required by this Note and other Loan Documents;
B.  Defaults on any other loan with Lender;
C.  Does not preserve, or account to Lender's satisfaction for, any of the Collateral or its proceeds;
D.  Does not disclose, or anyone acting on their behalf does not disclose, any material fact to Lender or SBA;
E.  Makes, or anyone acting on their behalf makes, a materially false or misleading representation to Lender or SBA;
F.  Defaults on any loan or agreement with another creditor, if Lender believes the default may materially affect Borrower's ability to pay this Note;
G.  Fails to pay any taxes when due;
H.  Becomes the subject of a proceeding under any bankruptcy or insolvency law;
I.  Has a receiver or liquidator appointed for any part of their business or property;
J.  Makes an assignment for the benefit of creditors;
K.  Has any adverse change in financial condition or business operation that Lender believes may materially affect Borrower's ability to pay this Note;
L.  Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without Lender's prior written consent; or
M.  Becomes the subject of a civil or criminal action that Lender believes may materially affect Borrower's ability to pay this Note.

5.  LENDER'S RIGHTS IF THERE IS A DEFAULT:

Without notice or demand and without giving up any of its rights, Lender may:

A.  Require immediate payment of all amounts owing under this Note;
B.  Collect all amounts owing from any Borrower or Guarantor;
C.  File suit and obtain judgment;
D.  Take possession of any Collateral; or
E.  Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

6.  LENDER'S GENERAL POWERS:

Without notice and without Borrower's consent, Lender may:

A.  Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses;
B.  Incur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If Lender incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance;
C.  Release anyone obligated to pay this Note;
D.  Compromise, release, renew, extend or substitute any of the Collateral; and
E.  Take any action necessary to protect the Collateral or collect amounts owing on this Note.

3

7. WHEN FEDERAL LAW APPLIES:

When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

8. SUCCESSORS AND ASSIGNS:

Under this Note, Borrower and Operating Company include the successors of each, and Lender includes its successors and assigns.

9. GENERAL PROVISIONS:

A. All individuals and entities signing this Note are jointly and severally liable.

B. Borrower waives all suretyship defenses.

C. Borrower must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral.

D. Lender may exercise any of its rights separately or together, as many times and in any order it chooses. Lender may delay or forgo enforcing any of its rights without giving up any of them.

E. Borrower may not use an oral statement of Lender or SBA to contradict or alter the written terms of this Note.

F. If any part of this Note is unenforceable, all other parts remain in effect.

G. To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that Lender did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale.

10. STATE-SPECIFIC PROVISIONS:

None.

4

11. BORROWER'S NAME(S) AND SIGNATURE(S):

By signing below, each individual or entity becomes obligated under this Note as Borrower.

JAY2, INC.                                    Witness:

By:_____    _____
Name:  Jayen Patel
Title:   President


        (CORPORATE SEAL)

U.S. Small Business Administration

# SECURITY AGREEMENT

| SBA Loan # | 5-5002 |
|---|---|
| SBA Loan Name | **Jay 2, Inc.** |
| Debtor | **Jay2, Inc.** |
| Borrower | **Jay2, Inc.** |
| Secured Party | **Renasant Bank** |
| Date | June 21st, 2012 |
| Note Amount | **$510,000.00** |

## 1. DEFINITIONS.

Unless otherwise specified, all terms used in this Agreement will have the meanings ascribed to them under the Official Text of the Uniform Commercial Code, as it may be amended from time to time, ("UCC"). "SBA" means the Small Business Administration, an Agency of the U.S. Government.

## 2. GRANT OF SECURITY INTEREST.

For value received, the Debtor grants to the Secured Party a security interest in the property described below in Paragraph 4 (the "Collateral").

## 3. OBLIGATIONS SECURED.

This Agreement secures the payment and performance of: (a) all obligations under a Note of even date herewith, made by **Jay2, Inc.,** made payable to **Renasant Bank,** in the amount of $510,000.00 ("Note"), including costs and expenses (including reasonable attorney's fees), incurred by Secured Party in the disbursement, administration and collection of the loan evidenced by the Note; (b) all costs and expenses (including reasonable attorney's fees), incurred by Secured Party in the protection, maintenance and enforcement of the security interest hereby granted; (c) all obligations of the Debtor in any other agreement relating to the Note; and (d) any modifications, renewals, refinancings, or extensions of the foregoing obligations. The Note and all other obligations secured hereby are collectively called the "Obligations."

EXHIBIT 

4. COLLATERAL DESCRIPTION.

The Collateral in which this security interest is granted is all of the Debtor's property described below, and indicated by an "X" or other mark on the applicable line, now owned or hereafter acquired, together with all replacements, accessions, proceeds, and products.

☒ a. Equipment                       ☒ f. Chattel Paper

☒ b. Fixtures                             ☒ g. General Intangibles

☒ c. Inventory                          ☒ h. Documents

☒ d. Accounts                         ☐ i. Farm Products

☒ e. Instruments                    ☒ j. Deposit Accounts

                                                ☐ k. Investment Property

☐ l. Titled motor vehicles, including mobile or manufactured homes (list make, model, and serial #):

_____

_____

☒ m. Other:  Insert specific description of other forms of Collateral not included in categories a through k above (for example, specific commercial tort claim, letter-of-credit rights):

    Furniture_____

_____

5. RESTRICTIONS ON COLLATERAL TRANSFER.

Debtor will not sell, lease, license or otherwise transfer (including by granting security interests, liens, or other encumbrances in) all or any part of the Collateral or Debtor's interest in the Collateral without Secured Party's written or electronically communicated approval, except that Debtor may sell inventory in the ordinary course of business on customary terms.  Debtor may collect and use amounts due on accounts and other rights to payment arising or created in the ordinary course of business, until notified otherwise by Secured Party in writing or by electronic communication.

6. MAINTENANCE AND LOCATION OF COLLATERAL; INSPECTION; INSURANCE.

Debtor must promptly notify Secured Party by written or electronic communication of any change in location of the Collateral, specifying the new location.  Debtor hereby grants to Secured Party the right to inspect the Collateral at all reasonable times and upon reasonable notice.  Debtor must:  (a) maintain the Collateral in good condition; (b) pay promptly all taxes, judgments, or charges of any kind levied or assessed thereon; (c) keep current all rent or mortgage payments due, if any, on premises where the Collateral is located; and (d) maintain hazard insurance on the Collateral, with an insurance company and in an amount approved by Secured Party (but in no event less than the replacement cost of that Collateral), and including such terms as Secured Party may require including a Lender's Loss Payable Clause in favor of Secured Party. Debtor hereby assigns to Secured Party any proceeds of such policies and all unearned premiums thereon and authorizes and empowers Secured Party to collect such sums and to execute and endorse in Debtor's name all proofs of loss, drafts, checks

SBA Form 1059 (2-04) Previous Editions are obsolete.                                        Page 2 of 4

443862

and any other documents necessary for Secured Party to obtain such payments.

## 7. CHANGES TO DEBTOR'S LEGAL STRUCTURE, PLACE OF BUSINESS, JURISDICTION OF ORGANIZATION, OR NAME.

Debtor must notify Secured Party by written or electronic communication not less than thirty (30) days before taking any of the following actions: (a) changing or reorganizing the type of organization or form under which it does business; (b) moving changing its place of business or adding a place of business; (c) changing its jurisdiction of organization; or (d) changing its name. Debtor will pay for the preparation and filing of all documents, Secured Party deems necessary to maintain, perfect and continue the perfection of Secured Party's security interest in the event of any such change.

## 8. PERFECTION OF SECURITY INTEREST.

Debtor consents, without further notice, to Secured Party's filing or recording of any documents necessary to perfect, continue, amend or terminate its security interest. Upon request of Secured Party, Debtor must sign or otherwise authenticate all documents that Secured Party deems necessary at any time to allow Secured Party to acquire, perfect, continue or amend its security interest in the Collateral. Debtor will pay the filing and recording costs of any documents relating to Secured Party's security interest. Debtor ratifies all previous filings and recordings, including financing statements and notations on certificates of title. Debtor will cooperate with Secured Party in obtaining a Control Agreement satisfactory to Secured Party with respect to any Deposit Accounts or Investment Property, or in otherwise obtaining control or possession of that or any other Collateral.

## 9. DEFAULT.

Debtor is in default under this Agreement if: (a) Debtor fails to pay, perform or otherwise comply with any provision of this Agreement; (b) Debtor makes any materially false representation, warranty or certification in, or in connection with, this Agreement, the Note, or any other agreement related to the Note or this Agreement; (c) another secured party or judgment creditor exercises its rights against the Collateral; or (d) an event defined as a "default" under the Obligations occurs. In the event of default and if Secured Party requests, Debtor must assemble and make available all Collateral at a place and time designated by Secured Party. Upon default and at any time thereafter, Secured Party may declare all Obligations secured hereby immediately due and payable, and, in its sole discretion, may proceed to enforce payment of same and exercise any of the rights and remedies available to a secured party by law including those available to it under Article 9 of the UCC that is in effect in the jurisdiction where Debtor or the Collateral is located. Unless otherwise required under applicable law, Secured Party has no obligation to clean or otherwise prepare the Collateral for sale or other disposition and Debtor waives any right it may have to require Secured Party to enforce the security interest or payment or performance of the Obligations against any other person.

## 10. FEDERAL RIGHTS.

When SBA is the holder of the Note, this Agreement will be construed and enforced under federal law, including SBA regulations. Secured Party or SBA may use state or local procedures for filing papers, recording documents, giving notice, enforcing security interests or liens, and for any other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax or liability. As to this Agreement, Debtor may not claim or assert any local

SBA Form 1059 (2-04) Previous Editions are obsolete.                                        Page 3 of 4

443862

or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law.

11. GOVERNING LAW.

Unless SBA is the holder of the Note, in which case federal law will govern, Debtor and Secured Party agree that this Agreement will be governed by the laws of the jurisdiction where the Debtor is located, including the UCC as in effect in such jurisdiction and without reference to its conflicts of laws principles.

12. SECURED PARTY RIGHTS.

All rights conferred in this Agreement on Secured Party are in addition to those granted to it by law, and all rights are cumulative and may be exercised simultaneously. Failure of Secured Party to enforce any rights or remedies will not constitute an estoppel or waiver of Secured Party's ability to exercise such rights or remedies. Unless otherwise required *under applicable law, Secured Party is not liable for any loss or damage to Collateral in its possession or under its control,* nor will such loss or damage reduce or discharge the Obligations that are due, even if Secured Party's actions or inactions caused or in any way contributed to such loss or damage.

13. SEVERABILITY.

If any provision of this Agreement is unenforceable, all other provisions remain in effect.

14. DEBTOR CERTIFICATIONS.

Debtor certifies that: (a) its Name (or Names) as stated above is correct; (b) all Collateral is owned or titled in the Debtor's name and not in the name of any other organization or individual; (c) Debtor has the legal authority to grant the security interest in the Collateral; (d) Debtor's ownership in or title to the Collateral is free of all adverse claims, liens, or security interests (unless expressly permitted by Secured Party); (e) none of the Obligations are or will be primarily for personal, family or household purposes; (f) none of the Collateral is or will be used, or has been or will be bought primarily for personal, family and household purposes; and (g) Debtor has read and understands the meaning and effect of all terms of this Agreement.

15. DEBTOR NAME(S) AND SIGNATURE(S).

By signing or otherwise authenticating below, each individual and each organization becomes jointly and severally obligated as a Debtor under this Agreement.



JAY2, INC.

By: _____

Jayen Patel, President

(CORPORATE SEAL)

SBA Form 1059 (2-04) Previous Editions are obsolete.                                                                          Page 4 of 4

443862

CTY.# YEAR.UCC#
0542012 02094

FILED

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
James M. Ottley, Esq.    (770) 541-4777.

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Cohn Fyvolent & Shaver, LLC
2100 Riveredge Parkway NW
Suite 1230
Atlanta, Georgia  30328
JMO-3655

2012 JUN 25 P 1: 41

CLERK OF SUPERIOR COURT
DEKALB COUNTY GA

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Jay2, Inc. | | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 130 Ardsley Lane | Alpharetta | GA | 30005-8605 | USA |

| 1d. TAX ID #:  SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | corporation | Georgia | 11011184 | NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #:  SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Renasant Bank | | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 145 Reinhardt College Parkway | Canton | GA | 30114 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All tangible and intangible personal property, including, without limitation, all Goods, Fixtures, Chattel Paper, Accounts, Contracts, Documents, Equipment, General Intangibles, Instruments and Inventory wherever located, now owned or hereafter acquired.  Together, in each instance, with the renewals, substitutions, replacements, additions, rental payments, products and proceeds thereof.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum [if applicable] | | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | All Debtors | Debtor 1 | Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA
GSCCCA Statewide Filing  (via DeKalb)       SBA Loan #  57350-02

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
FORM SHOULD BE TYPEWRITTEN OR COMPUTER GENERATED

GSCCCA eFile#: BF_001337797_000396781_044 Received:Wednesday, May 24, 2017 11:30:53 AM Page 1 of 2

FILED & RECORDED
Wednesday, May 24, 2017 11:43:26 AM
File Number: 044-2017-002465
Debra DeBerry
Dekalb County Clerk of Superior Court

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Phone: (800) 331-3282 Fax: (818) 662-4141

B. E-MAIL CONTACT AT FILER (optional)
CLS-CTLS_Glendale_Customer_Service@wolterskluwer.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)    26405 - RENASANT

CT Lien Solutions              59031321
P.O. Box 29071
Glendale, CA 91209-9071         GAGA

File with: De Kalb, GA

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE NUMBER
044201202094  6/25/2012 CC GA De Kalb

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record]
(or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ ASSIGNMENT (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☒ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ PARTY INFORMATION CHANGE:
Check one of these two boxes:                           AND Check one of these three boxes to:
This Change affects ☐ Debtor or ☐ Secured Party of record    ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c   ☐ ADD name: Complete item 7a or 7b, and item 7c   ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

6a. ORGANIZATION'S NAME
Jay2 Inc

OR  6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

7a. ORGANIZATION'S NAME

OR  7b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

8. ☐ COLLATERAL CHANGE: Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

9a. ORGANIZATION'S NAME
Renasant Bank

OR  9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

10. OPTIONAL FILER REFERENCE DATA: Debtor Name: Jay2 Inc
59031321          .0399                              39911166 -1

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

Prepared by Lien Solutions, P.O. Box 29071,
Glendale, CA 91209-9071 Tel (800) 331-3282

2012106668    DEED BOOK **23100** Pg **89**



Filed and Recorded:
6/22/2012 5:00:20 PM
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
James M. Ottley, Esq.    (770) 541-4777

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Cohn Fyvolent & Shaver, LLC
2100 Riveredge Parkway NW
Suite 1230
Atlanta, Georgia  30328
JMO-3655

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | | |
|---|---|---|
| 1a. ORGANIZATION'S NAME  Jay2, Inc. | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME / SUFFIX |

| 1c. MAILING ADDRESS  130 Ardsley Lane | CITY  Alpharetta | STATE GA | POSTAL CODE 30005-8605 | COUNTRY USA |
|---|---|---|---|---|

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION corporation | 1f. JURISDICTION OF ORGANIZATION Georgia | 1g. ORGANIZATIONAL ID #, if any 11011184 | ☐ NONE |
|---|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | | |
|---|---|---|
| 2a. ORGANIZATION'S NAME | | |
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME / SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | ☐ NONE |
|---|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| | | |
|---|---|---|
| 3a. ORGANIZATION'S NAME  Renasant Bank | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME / SUFFIX |

| 3c. MAILING ADDRESS  145 Reinhardt College Parkway | CITY  Canton | STATE GA | POSTAL CODE 30114 | COUNTRY USA |
|---|---|---|---|---|

4. This FINANCING STATEMENT covers the following collateral:

Fixtures

5. ALTERNATIVE DESIGNATION [if applicable]: ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR  ☐ SELLER/BUYER  ☐ AG. LIEN  ☐ NON-UCC FILING

6. ☑ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum [if applicable]    7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]  [optional]  ☐ All Debtors  ☐ Debtor 1  ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA
DeKalb County    SBA Loan #        50-02

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

FORM SHOULD BE TYPEWRITTEN OR COMPUTER GENERATED

Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT**

| | |
|---|---|
| 9a. ORGANIZATION'S NAME | |
| OR | Jay2, Inc. |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME,SUFFIX |

**10. MISCELLANEOUS:**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one name (11a or 11b) - do not abbreviate or combine names**

| | | | |
|---|---|---|---|
| 11a. ORGANIZATION'S NAME | | | |
| OR 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 11d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATIONAL ID #, if any | NONE |
|---|---|---|---|---|---|

**12.** ☐ ADDITIONAL SECURED PARTY'S or ☐ ASSIGNOR S/P'S NAME - insert only one name (12a or 12b)

| | | | |
|---|---|---|---|
| 12a. ORGANIZATION'S NAME | | | |
| OR 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**13.** This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☒ fixture filing.

**14.** Description of real estate:

Space #B1-130, Emory Point,
Atlanta, Georgia
DeKalb County

**16.** Additional collateral description:

**15.** Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

EP I LLC, a Delaware limited liability company

**17.** Check only if applicable and check only one box.

Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

**18.** Check only if applicable and check only one box.

☐ Debtor is a TRANSMITTING UTILITY

☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years

☐ Filed in connection with a Public-Finance Transaction — effective 30 years

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 07/29/98)

FORM SHOULD BE TYPEWRITTEN OR COMPUTER GENERATED

Case 19-59680-pmb    Doc 7    Filed 07/17/19    Entered 07/17/19 13:06:49    Desc Main
GSCCCA.org - Image Index                Document        Page 20 of 33

Page 1 of 1

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Phone: (800) 331-3282 Fax: (818) 662-4141

B. E-MAIL CONTACT AT FILER (optional)
CLS-CTLS_Glendale_Customer_Service@wolterskluwer.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)        28405 - RENASANT

CT Lien Solutions
P.O. Box 29071                                    58932838
Glendale, CA 91209-9071
GAGA

File with: De Kalb, GA

2017080605    DEED BOOK    26261 Pg 127

Filed and Recorded:
5/18/2017 12:16:44 PM
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE NUMBER
BK23100 PG89  6/22/2012 CC GA De Kalb

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record]
(or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ ASSIGNMENT (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☒ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is
continued for the additional period provided by applicable law

5. ☐ PARTY INFORMATION CHANGE:
Check one of these two boxes:        AND  Check one of these three boxes to:
This Change affects  ☐ Debtor or  ☐ Secured Party of record   ☐ CHANGE name and/or address: Complete   ☐ ADD name: Complete item   ☐ DELETE name: Give record name
                                                                item 6a or 6b; and item 7a or 7b and item 7c   7a or 7b, and item 7c   to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)
6a. ORGANIZATION'S NAME
Jay2 Inc
OR
6b. INDIVIDUAL'S SURNAME                    FIRST PERSONAL NAME                    ADDITIONAL NAME(S)/INITIAL(S)    SUFFIX

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)
7a. ORGANIZATION'S NAME
OR
7b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)                                            SUFFIX

7c. MAILING ADDRESS                        CITY                        STATE    POSTAL CODE    COUNTRY

8. ☐ COLLATERAL CHANGE:  Also check one of these four boxes:  ☐ ADD collateral   ☐ DELETE collateral   ☐ RESTATE covered collateral   ☐ ASSIGN collateral
Indicate collateral:

9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT:  Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor
9a. ORGANIZATION'S NAME
Renasant Bank
OR
9b. INDIVIDUAL'S SURNAME                    FIRST PERSONAL NAME                    ADDITIONAL NAME(S)/INITIAL(S)    SUFFIX

10. OPTIONAL FILER REFERENCE DATA:  Debtor Name: Jay2 Inc
58932838                        0399
39911166-3

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)
Prepared by Lien Solutions, P.O. Box 29071,
Glendale, CA 91209-9071 Tel (800) 331-3282



U.S. Small Business Administration

NOTE

| SBA Loan # | ꭇ          ꓳ005 |
|---|---|
| SBA Loan Name | Jay 2, Inc. |
| Date | December _6ᵗʰ_, 2012 |
| Loan Amount | $192,000.00 |
| Interest Rate | Variable |
| Borrower | Jay2, Inc. |
| Operating Company | N/A |
| Lender | Renasant Bank |

1. PROMISE TO PAY:

In return for the Loan, Borrower promises to pay to the order of Lender the amount of **One Hundred Ninety-Two Thousand and 00/100 Dollars**, interest on the unpaid principal balance, and all other amounts required by this Note.

2. DEFINITIONS:

"Collateral" means any property taken as security for payment of this Note or any guarantee of this Note.

"Guarantor" means each person or entity that signs a guarantee of payment of this Note.

"Loan" means the loan evidenced by this Note.

"Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

"SBA" means the Small Business Administration, an Agency of the United States of America.

1        EXHIBIT 

3. PAYMENT TERMS:

Borrower must make all payments at the place Lender designates.  The payment terms for this Note are:

**Maturity:** This Note will mature in 10 years from date of Note.

**Repayment Terms:** The interest rate on this Note will fluctuate.  The initial interest rate is 5.25% per year.  This initial rate is the prime rate in effect on the first business day of the month in which SBA received the loan application, plus 2.00%.  The initial interest rate must remain in effect until the first change period begins unless reduced in accordance with SOP 50 10.

Borrower must pay a total of 9 payments of interest only on the disbursed principal balance beginning one month from the month this Note is dated and every month thereafter; payments must be made on the first calendar day in the months they are due.

Borrower must pay principal and interest payments of $2,187.30 every month, beginning ten months from the month this Note is dated; payments must be made on the first calendar day in the months they are due.

Lender will apply each installment payment first to pay interest accrued to the day Lender receives the payment, then to bring principal current, then to pay any late fees, and will apply any remaining balance to reduce principal.

The interest rate will be adjusted monthly (the "change period").

The "Prime Rate" is the prime rate in effect on the first business day of the month (as published in the Wall Street Journal newspaper) in which SBA received the application, or any interest rate change occurs.  Base Rates will be rounded to two decimal places with .004 being rounded down and .005 being rounded up.

The adjusted interest rate will be 2.00% above the Prime Rate.  Lender will adjust the interest rate on the first calendar day of each change period.  The change in interest rate is effective on that day whether or not Lender gives Borrower notice of the change.

The spread as identified in the Note may not be changed during the life of the Loan without the written agreement of the Borrower.

For variable rate loans, the interest rate adjustment period may not be changed without the written consent of the Borrower.

Lender must adjust the payment amount at least annually as needed to amortize principal over the remaining term of the note.

If SBA purchases the guaranteed portion of the unpaid principal balance, the interest rate becomes fixed at the rate in effect at the time of the earliest uncured payment default.  If there is no uncured payment default, the rate becomes fixed at the rate in effect at the time of purchase.

**Loan Prepayment:**

Notwithstanding any provision in this Note to the contrary:

**Borrower may prepay this Note.**  Borrower may prepay 20% or less of the unpaid principal balance at any time without notice.  If Borrower prepays more than 20% and the Loan has been sold on the secondary market, Borrower must:

    a.   Give Lender written notice;

    b.   Pay all accrued interest; and

    c.   If the prepayment is received less than 21 days from the date Lender receives the notice, pay an amount equal to 21 days' interest from the date Lender receives the notice, less any interest accrued during the 21 days and paid under subparagraph b., above.

If Borrower does not prepay within 30 days from the date Lender receives the notice, Borrower must give Lender a new notice.

All remaining principal and accrued interest is due and payable 10 years from date of Note.

**Late Charge:** If a payment on this Note is more than 10 days late, Lender may charge Borrower a late fee of up to 5.00% of the unpaid portion of the regularly scheduled payment.

4. DEFAULT:

Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower or Operating Company:

   A.  Fails to do anything required by this Note and other Loan Documents;
   B.  Defaults on any other loan with Lender;
   C.  Does not preserve, or account to Lender's satisfaction for, any of the Collateral or its proceeds;
   D.  Does not disclose, or anyone acting on their behalf does not disclose, any material fact to Lender or SBA;
   E.  Makes, or anyone acting on their behalf makes, a materially false or misleading representation to Lender or SBA;
   F.  Defaults on any loan or agreement with another creditor, if Lender believes the default may materially affect Borrower's ability to pay this Note;
   G.  Fails to pay any taxes when due;
   H.  Becomes the subject of a proceeding under any bankruptcy or insolvency law;
   I.  Has a receiver or liquidator appointed for any part of their business or property;
   J.  Makes an assignment for the benefit of creditors;
   K.  Has any adverse change in financial condition or business operation that Lender believes may materially affect Borrower's ability to pay this Note;
   L.  Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without Lender's prior written consent; or
   M.  Becomes the subject of a civil or criminal action that Lender believes may materially affect Borrower's ability to pay this Note.

5. LENDER'S RIGHTS IF THERE IS A DEFAULT:

Without notice or demand and without giving up any of its rights, Lender may:

   A.  Require immediate payment of all amounts owing under this Note;
   B.  Collect all amounts owing from any Borrower or Guarantor;
   C.  File suit and obtain judgment;
   D.  Take possession of any Collateral; or
   E.  Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

6. LENDER'S GENERAL POWERS:

Without notice and without Borrower's consent, Lender may:

   A.  Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses;
   B.  Incur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If Lender incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance;
   C.  Release anyone obligated to pay this Note;
   D.  Compromise, release, renew, extend or substitute any of the Collateral; and
   E.  Take any action necessary to protect the Collateral or collect amounts owing on this Note.

7.  WHEN FEDERAL LAW APPLIES:

When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes.  By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability.  As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

8.  SUCCESSORS AND ASSIGNS:

Under this Note, Borrower and Operating Company include the successors of each, and Lender includes its successors and assigns.

9.  GENERAL PROVISIONS:

A.  All individuals and entities signing this Note are jointly and severally liable.

B.  Borrower waives all suretyship defenses.

C.  Borrower must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral.

D.  Lender may exercise any of its rights separately or together, as many times and in any order it chooses.  Lender may delay or forgo enforcing any of its rights without giving up any of them.

E.  Borrower may not use an oral statement of Lender or SBA to contradict or alter the written terms of this Note.

F.  If any part of this Note is unenforceable, all other parts remain in effect.

G.  To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor.  Borrower also waives any defenses based upon any claim that Lender did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale.

10.  STATE-SPECIFIC PROVISIONS:

None.

11.  BORROWER'S NAME(S) AND SIGNATURE(S):

By signing below, each individual or entity becomes obligated under this Note as Borrower.



JAY2, INC.                                    Witness:

By:_____            _____
    Name:  Jayen Patel
    Title:  President

(CORPORATE SEAL)



U.S. Small Business Administration

# SECURITY AGREEMENT

| | |
|---|---|
| SBA Loan # | 5005 |
| SBA Loan Name | Jay 2, Inc. |
| Debtor | Jay2, Inc. |
| Borrower | Jay2, Inc. |
| Secured Party | Renasant Bank |
| Date | December 6, 2012 |
| Note Amount | $192,000.00 |

## 1. DEFINITIONS.

Unless otherwise specified, all terms used in this Agreement will have the meanings ascribed to them under the Official Text of the Uniform Commercial Code, as it may be amended from time to time, ("UCC"). "SBA" means the Small Business Administration, an Agency of the U.S. Government.

## 2. GRANT OF SECURITY INTEREST.

For value received, the Debtor grants to the Secured Party a security interest in the property described below in Paragraph 4 (the "Collateral").

## 3. OBLIGATIONS SECURED.

This Agreement secures the payment and performance of: (a) all obligations under a Note of even date herewith, made by **Jay2, Inc.**, made payable to **Renasant Bank**, in the amount of **$192,000.00** ("Note"), including costs and expenses (including reasonable attorney's fees), incurred by Secured Party in the disbursement, administration and collection of the loan evidenced by the Note; (b) all costs and expenses (including reasonable attorney's fees), incurred by Secured Party in the protection, maintenance and enforcement of the security interest hereby granted; (c) all obligations of the Debtor in any other agreement relating to the Note; and (d) any modifications, renewals, refinancings, or extensions of the foregoing obligations. The Note and all other obligations secured hereby are collectively called the "Obligations."

SBA Form 1059 (2-04) Previous Editions are obsolete.
443862

EXHIBIT 

Page 1 of 4

4. COLLATERAL DESCRIPTION.

The Collateral in which this security interest is granted is all of the Debtor's property described below, and indicated by an "X" or other mark on the applicable line, now owned or hereafter acquired, together with all replacements, accessions, proceeds, and products.

☒ a. Equipment                    ☒ f. Chattel Paper

☒ b. Fixtures                     ☒ g. General Intangibles

☒ c. Inventory                    ☒ h. Documents

☒ d. Accounts                     ☐ i. Farm Products

☒ e. Instruments                  ☒ j. Deposit Accounts

                                  ☐ k. Investment Property

☐ l. Titled motor vehicles, including mobile or manufactured homes (list make, model, and serial #):

_____

_____

☒ m. Other:  Insert specific description of other forms of Collateral not included in categories a through k above (for example, specific commercial tort claim, letter-of-credit rights):
  Furniture _____

_____

5. RESTRICTIONS ON COLLATERAL TRANSFER.

Debtor will not sell, lease, license or otherwise transfer (including by granting security interests, liens, or other encumbrances in) all or any part of the Collateral or Debtor's interest in the Collateral without Secured Party's written or electronically communicated approval, except that Debtor may sell inventory in the ordinary course of business on customary terms.  Debtor may collect and use amounts due on accounts and other rights to payment arising or created in the ordinary course of business, until notified otherwise by Secured Party in writing or by electronic communication.

6. MAINTENANCE AND LOCATION OF COLLATERAL; INSPECTION; INSURANCE.

Debtor must promptly notify Secured Party by written or electronic communication of any change in location of the Collateral, specifying the new location.  Debtor hereby grants to Secured Party the right to inspect the Collateral at all reasonable times and upon reasonable notice. Debtor must:  (a) maintain the Collateral in good condition; (b) pay promptly all taxes, judgments, or charges of any kind levied or assessed thereon; (c) keep current all rent or mortgage payments due, if any, on premises where the Collateral is located; and (d) maintain hazard insurance on the Collateral, with an insurance company and in an amount approved by Secured Party (but in no event less than the replacement cost of that Collateral), and including such terms as Secured Party may require including a Lender's Loss Payable Clause in favor of Secured Party. Debtor hereby assigns to Secured Party any proceeds of such policies and all unearned premiums thereon and authorizes and empowers Secured Party to collect such sums and to execute and endorse in Debtor's name all proofs of loss, drafts, checks

SBA Form 1059 (2-04) Previous Editions are obsolete.                    Page 2 of 4

443862

and any other documents necessary for Secured Party to obtain such payments.

7. CHANGES TO DEBTOR'S LEGAL STRUCTURE, PLACE OF BUSINESS, JURISDICTION OF ORGANIZATION, OR NAME.

Debtor must notify Secured Party by written or electronic communication not less than thirty (30) days before taking any of the following actions:  (a) changing or reorganizing the type of organization or form under which it does business; (b) moving changing its place of business or adding a place of business; (c) changing its jurisdiction of organization; or (d) changing its name.  Debtor will pay for the preparation and filing of all documents, Secured Party deems necessary to maintain, perfect and continue the perfection of Secured Party's security interest in the event of any such change.

8. PERFECTION OF SECURITY INTEREST.

Debtor consents, without further notice, to Secured Party's filing or recording of any documents necessary to perfect, continue, amend or terminate its security interest.  Upon request of Secured Party, Debtor must sign or otherwise authenticate all documents that Secured Party deems necessary at any time to allow Secured Party to acquire, perfect, continue or amend its security interest in the Collateral.  Debtor will pay the filing and recording costs of any documents relating to Secured Party's security interest.  Debtor ratifies all previous filings and recordings, including financing statements and notations on certificates of title.  Debtor will cooperate with Secured Party in obtaining a Control Agreement satisfactory to Secured Party with respect to any Deposit Accounts or Investment Property, or in otherwise obtaining control or possession of that or any other Collateral.

9. DEFAULT.

Debtor is in default under this Agreement if:  (a) Debtor fails to pay, perform or otherwise comply with any provision of this Agreement; (b) Debtor makes any materially false representation, warranty or certification in, or in connection with, this Agreement, the Note, or any other agreement related to the Note or this Agreement; (c) another secured party or judgment creditor exercises its rights against the Collateral; or (d) an event defined as a "default" under the Obligations occurs.  In the event of default and if Secured Party requests, Debtor must assemble and make available all Collateral at a place and time designated by Secured Party.  Upon default and at any time thereafter, Secured Party may declare all Obligations secured hereby immediately due and payable, and, in its sole discretion, may proceed to enforce payment of same and exercise any of the rights and remedies available to a secured party by law including those available to it under Article 9 of the UCC that is in effect in the jurisdiction where Debtor or the Collateral is located.  Unless otherwise required under applicable law, Secured Party has no obligation to clean or otherwise prepare the Collateral for sale or other disposition and Debtor waives any right it may have to require Secured Party to enforce the security interest or payment or performance of the Obligations against any other person.

10. FEDERAL RIGHTS.

When SBA is the holder of the Note, this Agreement will be construed and enforced under federal law, including SBA regulations.  Secured Party or SBA may use state or local procedures for filing papers, recording documents, giving notice, enforcing security interests or liens, and for any other purposes.  By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax or liability.  As to this Agreement, Debtor may not claim or assert any local

SBA Form 1059 (2-04) Previous Editions are obsolete.                                                                                     Page 3 of 4

443862

or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law.

11.    GOVERNING LAW.

Unless SBA is the holder of the Note, in which case federal law will govern, Debtor and Secured Party agree that this Agreement will be governed by the laws of the jurisdiction where the Debtor is located, including the UCC as in effect in such jurisdiction and without reference to its conflicts of laws principles.

12.  SECURED PARTY RIGHTS.

All rights conferred in this Agreement on Secured Party are in addition to those granted to it by law, and all rights are cumulative and may be exercised simultaneously.  Failure of Secured Party to enforce any rights or remedies will not constitute an estoppel or waiver of Secured Party's ability to exercise such rights or remedies.  Unless otherwise required under applicable law, Secured Party is not liable for any loss or damage to Collateral in its possession or under its control, nor will such loss or damage reduce or discharge the Obligations that are due, even if Secured Party's actions or inactions caused or in any way contributed to such loss or damage.

13.  SEVERABILITY.

If any provision of this Agreement is unenforceable, all other provisions remain in effect.

14.  DEBTOR CERTIFICATIONS.

Debtor certifies that:  (a) its Name (or Names) as stated above is correct; (b) all Collateral is owned or titled in the Debtor's name and not in the name of any other organization or individual; (c) Debtor has the legal authority to grant the security interest in the Collateral; (d) Debtor's ownership in or title to the Collateral is free of all adverse claims, liens, or security interests (unless expressly permitted by Secured Party); (e) none of the Obligations are or will be primarily for personal, family or household purposes; (f) none of the Collateral is or will be used, or has been or will be bought primarily for personal, family or household purposes; and (g) Debtor has read and understands the meaning and effect of all terms of this Agreement.

15.  DEBTOR NAME(S) AND SIGNATURE(S).

By signing or otherwise authenticating below, each individual and each organization becomes jointly and severally obligated as a Debtor under this Agreement.



JAY2, INC.

By:_____
    Jayen Patel, President

(CORPORATE SEAL)

SBA Form 1059 (2-04) Previous Editions are obsolete.                                                                   Page 4 of 4

443862

CTY.#YEAR.UCC#
004201203931

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**FILED**

2012 MAY 19  P 3: 14

CK OF SUPERIOR COURT
KALB COUNTY GA

A. NAME & PHONE OF CONTACT AT FILER [optional]
James M. Ottley, Esq.    (770) 541-4777

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

    Cohn Fyvolent & Shaver, LLC
    2100 Riveredge Parkway NW
    Suite 1230
    Atlanta, Georgia  30328
    JMO-4553

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME  Jay2, Inc. | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 130 Ardsley Lane | Alpharetta | GA | 30005-8605 | USA |

| 1d. TAX ID #  SSN OR EIN | ADDL INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION  corporation | 1f. JURISDICTION OF ORGANIZATION  Georgia | 1g. ORGANIZATIONAL ID #, if any  11011184 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #  SSN OR EIN | ADDL INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME  Renasant Bank | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 145 Reinhardt College Parkway | Canton | GA | 30114 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All tangible and intangible personal property, including, without limitation, all Goods, Fixtures, Chattel Paper, Accounts, Contracts, Documents, Equipment, General Intangibles, Instruments and Inventory wherever located, now owned or hereafter acquired.  Together, in each instance, with the renewals, substitutions, replacements, additions, rental payments, products and proceeds thereof.

| 5. ALTERNATIVE DESIGNATION [if applicable] | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum   [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional]   ☐ All Debtors  ☐ Debtor 1  ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA
GSCCCA Statewide Filing  (via DeKalb)    SBA Loan #    7350-02

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
FORM SHOULD BE TYPEWRITTEN OR COMPUTER GENERATED

GSCCCA.org - Image Index

Page 1 of 1

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS

**FILED AND RECORDED**
UCC Control #: 0072017047656
11/09/2017 04:42PM
Regina B. McIntyre
Barrow County Clerk of Superior Court
Receipt #: 428599

A. NAME & PHONE OF CONTACT AT FILER (optional)
Phone: (800) 331-3282 Fax: (818) 662-4141

B. E-MAIL CONTACT AT FILER (optional)
CLS-CTLS_Glendale_Customer_Service@wolterskluwer.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)    26405 - RENASANT

Lien Solutions
P.O. Box 29071                         61342439
Glendale, CA 91209-9071
                                       GAGA

File with: Barrow, GA

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

1a. INITIAL FINANCING STATEMENT FILE NUMBER
52009  182  11/11/2012  CC GA Barrow

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record]
(or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ ASSIGNMENT (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☒ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ PARTY INFORMATION CHANGE:
Check one of these two boxes:                              AND Check one of these three boxes to:
This Change affects ☐ Debtor or ☐ Secured Party of record    ☐ CHANGE name and/or address: Complete   ☐ ADD name: Complete item   ☐ DELETE name: Give record name
                                                              item 6a or 6b; and item 7a or 7b and item 7c    7a or 7b, and item 7c    to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)
6a. ORGANIZATION'S NAME
Jay2 Inc
OR
6b. INDIVIDUAL'S SURNAME          FIRST PERSONAL NAME          ADDITIONAL NAME(S)/INITIAL(S)    SUFFIX

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)
7a. ORGANIZATION'S NAME
OR
7b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)

7c. MAILING ADDRESS          CITY          STATE  POSTAL CODE    COUNTRY    SUFFIX

8. ☐ COLLATERAL CHANGE: Also check one of these four boxes: ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor
9a. ORGANIZATION'S NAME
Renasant Bank
OR
9b. INDIVIDUAL'S SURNAME          FIRST PERSONAL NAME          ADDITIONAL NAME(S)/INITIAL(S)    SUFFIX

10. OPTIONAL FILER REFERENCE DATA:  Debtor Name: Jay2 Inc
61342439                            0399

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

11168-1

Prepared by Lien Solutions, P.O. Box 29071,
Glendale, CA 91209-9071 Tel (800) 331-3282

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS

FILED AND RECORDED
UCC Control #: 0072017047655
11/09/2017 04:40PM
Regina B. McIntyre
Barrow County Clerk of Superior Court
Receipt #: 428596

A. NAME & PHONE OF CONTACT AT FILER (optional)
Phone: (800) 331-3282 Fax: (818) 662-4141

B. E-MAIL CONTACT AT FILER (optional)
CLS-CTLS_Glendale_Customer_Service@wolterskluwer.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)    26405 - RENASANT

Lien Solutions
P.O. Box 29071                    61342456
Glendale, CA 91209-9071
                                  GAGA

File with: Barrow, GA

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE NUMBER
52009  160  11/11/2012  CC GA Barrow

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ ASSIGNMENT (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☒ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ PARTY INFORMATION CHANGE:

Check one of these two boxes:    AND    Check one of these three boxes to:

This Change affects ☐ Debtor or ☐ Secured Party of record    ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c    ☐ ADD name: Complete item 7a or 7b, and item 7c    ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| | | |
|---|---|---|
| 6a. ORGANIZATION'S NAME | | |
| Jay2 Inc | | |
| OR  6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S)  SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| | | |
|---|---|---|
| 7a. ORGANIZATION'S NAME | | |
| OR  7b. INDIVIDUAL'S SURNAME | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE  POSTAL CODE  COUNTRY |

8. ☐ COLLATERAL CHANGE:  Also check one of these four boxes:  ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:  Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| | | |
|---|---|---|
| 9a. ORGANIZATION'S NAME | | |
| Renasant Bank | | |
| OR  9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S)  SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:  Debtor Name: Jay2 Inc
61342456                    0399                    311166-3

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

Prepared by Lien Solutions, P.O. Box 29071,
Glendale, CA 91209-9071 Tel (800) 331-3282

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the following a copy of the

foregoing Motion for Relief from Stay and Notice of Assignment of Hearing by placing a

copy of same in the US Mail with sufficient postage affixed thereon to ensure delivery to:

Jay2, Inc.
2995 Manorview Lane
Alpharetta, Georgia 30004

The following parties will receive electronic service in this case through the

electronic filing system:

William A. Rountree
Rountree Leitman & Klein, LLC
Century Plaza I
2987 Clairmont Road, Suite 175
Atlanta, Georgia 30329

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, Georgia 30305

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive
Atlanta, Georgia 30303

This 17th day of July, 2019.

_/s/_____
Lynn L. Carroll
Georgia Bar No. 460365

**GOLDER LAW, LLC**
101 Village Parkway
Building 1, Suite 400
Marietta, Georgia 30067
(404) 252-3000
lcarroll@golderlawfirm.com